# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
# Case No.:  1:23-cv-23529-RAR

BISCAYNE BAY WATERKEEPER, INC.,
d/b/a Miami Waterkeeper,
Plaintiff

v.

K.L. BRITO CORPORATION,
Defendant.
_____/

## DEFENDANT's UNOPPOSED MOTION TO VACATE DEFAULT AND FOR EXTENSION OF TIME

Defendant K.L. Brito Corporation, through its newly retained counsel, and pursuant to Rules 55, and 60, Fed.R.Civ.P., moves this Court for an order vacating the Default entered by the Clerk of this Court on November 2, 2023, and states:

### FACTUAL BACKGROUND

1. Defendant K.L. Brito, an owner managed 'mom & pop' salvage yard operation located in Opa Locka, FL., was served with process on October 3, 2023, and its response to the Complaint was due on or before October 24, 2023.

1

2. However, for the reasons set forth below, Defendant K.L. Brito failed to timely respond to the Complaint.

3. On October 25, 2023, the Court, *sua sponte,* issued an Order directing Defendant to answer or respond to the Complaint on or before October 31, 2023, and that failure to do so would result in the entry of a default.

4. On November 2, 2023, when Defendant failed to timely respond to the Complaint, the Clerk of this Court entered a Default against Defendant K.L. Brito, as directed by the Court.

5. On November 3rd, Defendant was contacted again by the Plaintiff and advised of the Default.  It was at that time that Defendant discovered the due date for the response to the Complaint had come and gone, and that the response deadline had been mis-calendared by Defendant.  Thereafter, Defendant immediately contacted and retained the undersigned counsel who immediately reached out to Plaintiff's counsel.

6.  Thereafter, counsel for both parties spent considerable time between November 7-9, 2023, discussing the merits of this

action and the parties then agreed to the relief sought in the instant motion to vacate the Default.

7. In fact, in the course of discussing the merits of this action, the parties also agreed to engage in substantive settlement discussions which will include meeting at Defendant's facility, discussing the claims and defenses to this action, and hopefully working towards an amicable resolution of the claims raised in the Complaint, all of which will require time and patience so that the parties do not waste their limited financial resources on attorney's fees & costs associated with litigation or judicial resources.

## **RELIEF SOUGHT**

8. Defendant K.L. Brito Corporation seeks an order vacating the Default, and the Plaintiff consents to that relief.

9. In addition, both parties seek an extension of time within which Defendant must serve its response so that the parties may have ample time within which to meet in person at the site of Defendant's facility; discuss the various claims and defenses; and, ascertain if and how this matter can be resolved while preserving party and judicial resources.

## **MEMORANDUM OF LAW ON VACATING A DEFAULT**

There is a "strong policy of determining cases on their merits" and defaults are viewed with disfavor. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "[T]he drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend." *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993).

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." Because no default judgment has been entered yet, Rule 55(c) provides the applicable standard to review the Motion to Set Aside Default. Whether a defendant has demonstrated good cause to obtain relief from an entry of default depends on the circumstances and is "not susceptible to a precise formula." *Necav. Bodie Elec. Contrs. of Fla.*, No. 4:07-cv-187, 2008 U.S. Dist. LEXIS 129906, at *12 (N.D. Ga. May 28, 2008).

Generally, the Court considers whether defendant's failure to respond was culpable or willful, whether defendant acted promptly to vacate the default, whether defendant has meritorious defenses, and whether plaintiff will be prejudiced if the default is set aside.

4

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). However, courts are free to examine other useful factors to identify circumstances that may warrant a finding of "good cause." Id. Also, case law has helped to illustrate the facts necessary to justify the claim of excusable neglect. See, *County National Bank of North Miami v. Sheridan*, 403 So. 2d 502 (Fla. 4th DCA 1981)(writ reached bank attorney whose secretary, due to sudden illness, failed to set up a file and calendar the garnishment proceeding for a proper response); *Edwards v. City of Fort Walton Beach*, 271 So. 2d 136 (Fla. 1972) (complaint was buried under pile of documents when it was forwarded to insurer who was executing a nationwide change in its claim processing procedures); *Florida Aviation Academy, Dewkat Aviation, Inc., v. Charter Air Center*, Inc., 449 So. 2d 350 (Fla. 1st DCA 1984)(inexperienced legal secretary failed to calendar the time for filing an answer to the complaint).

Entering a Default Judgment under the particular facts of this case would be tantamount to a wrongful and a gross miscarriage of justice. The claim of excusable neglect is also strong as a layperson received service of the Complaint; there is no legal department at

Defendant's facility, and Defendant acted immediately upon learning of the Default.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Argoitia v. C & J Sons, LLC*, No. 13-62469-CIV, 2014 WL 1795640, at *1 (S.D. Fla. May 6, 2014); *Ferreiro v. Simply Right, Inc.*, No. 8:16-cv-1307-T-36AAS, 2016 WL, at *1 (M.D. Fla. July 22, 2016) (citation omitted) ("Courts look unfavorably upon defaults and default judgments because of the strong policy of determining cases on their merits."). Under Rule 55(c), this Court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The decision to vacate a default is committed to the sound discretion of the court. *Leaderstat, LLC v. Abisellan*, 252 F.R.D. 698, 700 (M.D. Fla. 2007) (citing Fed. R. Civ. P. 55(c)). The standard for vacating the entry of default is less rigorous than the standard for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). "Good cause" is a mutable standard, varying from situation to situation, and it "is also a liberal one[.]" *Compania Interamericana Export-Import, SA v. Compania Dominicana de Aviacion*, 88 F.3d

6

948, 951 (11th Cir. 1996). Courts examine the following factors is deciding whether to set aside a clerk's default, including whether the default was culpable or willful, the promptness of the party- in-default's response, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* "Any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." *Hka Enters. V. Viasys Network Servs.*, No. 8:11 cv 47, 2011 WL 13302714, at *1 (M.D. Fla. July 29, 2011) (quoting *Leaderstat, LLC*, 252 F.R.D. at 700).

### Defendant's Failure to Respond Was Not Wilfull

Defendant did not act willfully because it did not display "either an intentional or reckless disregard for the judicial proceedings." *Compania Interamericana Exp.-Imp.*, 88 F.3d at 951-52. Courts in the Eleventh Circuit have found that negligence, miscommunication, mistake, or confusion constitute excusable neglect, which is an even higher standard than the "good cause" showing necessary here. See *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (citing *Pioneer Inv. Servs Co Brunswick Assocs.*, 507 U.S. 380, 394 (1993) ("excusable neglect is understood to encompass situations in which

the failure to comply with a filing deadline is attributable to negligence"); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (default was set aside where miscommunication between associate attorney and lead attorney led to delayed filing); *James v. Progress Energy Fla., Inc.*, No. 5:11-cv-175-OC-32TBS, 2011 WL 3585816 (M.D. Fla. August 16, 2011) (default was set aside where defendant's legal department inadvertently failed to transmit the complaint and summons to defendant's associate general counsel "due to internal errors"); *Davis v. Oldham*, No. 6:07-cv-941- Orl-31DAB, 2007 WL 4115292, at *3 (M.D. Fla. Nov. 16, 2007) (noting that "relief from a default entry has been granted when the default was due to . . . a clerical mistake, confusion, or a misunderstanding by counsel").

Here, the default was not deliberate or willful.  Defendant K.L. Brito, 'mom'& pop' salvage yard operation mis-calendared the deadline for responding to the Complaint and the error was not discovered until they were called by Plaintiff to advise of the Default, at which time Defendant immediately contacted the undersigned, who in turn contacted the Plaintiff and secured

Plaintiff's consent for the relief requested herein. This was a simple clerical mistake, and it was not willful.

## Defendant Acted Promptly in Addressing the Default, and Setting it Aside Will Not Prejudice Plaintiff

The undersigned counsel has moved promptly on Defendant's behalf since discovering the Default. There is no case management schedule in place yet and the undersigned counsel will be able to participate in the formulation of a case management schedule and no other deadlines will be affected. And more importantly, Plaintiff does not oppose an order vacating the Default.

## CONCLUSION

Defendant has established that the failure to file any paper in this action prior to the entry of the clerk's Default was the result of excusable neglect. The Defendant has also demonstrated that they acted with due diligence since they filed the instant motion immediately upon learning of the Default. The Defendant also demonstrated that they have a meritorious defense in this action as the Defendant denies the allegations contained in the Complaint. Additionally, Plaintiff does not oppose an Order vacating the default. Defendant respectfully requests that this Court grant this

motion to vacate the clerk's Default entered on November 2, 2023, and that the Default be deemed vacated *nunc pro tunc* and that Defendant be permitted to defend this action on its merits. Defendant also seeks an extension of time within which to serve its response to the Complaint in order to give the parties an opportunity to meet at the Defendant's facility and determine if and how this matter can be amicably resolved without wasting limited attorney and judicial resources.  Finally, Defendant seeks any and all other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

>*/s/Kenneth B. Schurr*
>Kenneth B. Schurr, Esq.
>Florida Bar No. 876100
>Law Offices of Kenneth B. Schurr
>2030 S. Douglas Road, Suite 105
>Coral Gables, FL 33134e.
>counselken@schurrlaw.com
>kbsservice@Schurrlaw.com
>t. 305-441-9031

## Certificate of Rule 7.1(a)(3) Conference

Pursuant to Rule 7.1(a)(3), Local Rules of the Southern District of Florida, undersigned counsel has conferred with Plaintiffs' counsel who does not oppose the relief sought by this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2023, the foregoing document was served on the counsel of record below by Electronic Mail:

## SERVICE LIST

S. Ansley Samson
Elizabeth Fata Carpenter
Everglades Law Center, Inc.
6815 Biscayne Blvd
Suite 103 #449
Miami, FL 33138
ansley@evergladeslaw.org
elizabeth@evergladeslaw.org

*Counsel for Plaintiff*

11