UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23529-RAR

**BISCAYNE BAY WATERKEEPER, INC.**,
*d/b/a Miami Waterkeeper,*

    Plaintiff,

v.

**K.L. BRITO CORPORATION**,

    Defendant.
_____/

## ORDER VACATING CLERK'S DEFAULT

**THIS CAUSE** comes before the Court upon Defendant K.L. Brito Corporation's Unopposed Motion to Vacate Default and for Extension of Time ("Motion"), [ECF No. 18], filed on November 9, 2023.

On September 14, 2023, Plaintiff Biscayne Bay Waterkeeper, Inc., *d/b/a* Miami Waterkeeper, filed a Complaint against Defendant, [ECF No. 1], alleging various causes of action under the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1387, commonly known as the Clean Water Act. *See generally* Compl. Defendant was served with process on October 3, 2023. *See* Proof of Service, [ECF No. 9]. Per Rule 12 of the Federal Rules of Civil Procedure, Defendant's response to Plaintiff's Complaint was due on or before October 24, 2023. FED. R. CIV. P. 12(a)(1)(A)(i). Defendant failed to timely respond to the Complaint by the October 24, 2023 deadline, and on October 25, 2023, this Court entered an Order to Show Cause, [ECF No. 12], which directed Defendant to "file its response or answer to the Complaint on or before October 31, 2023 and show good cause for its failure to timely file a response or answer." [ECF No. 12] at 1. The October 25, 2023 Order to Show Cause also warned that the "[f]ailure to do so will result in the entry of default against Defendant without further notice." [ECF No. 12] at 1. The

October 25, 2023 Order also directed Plaintiff to serve that same Order on Defendant by October 27, 2023 and provide the Court with proof of service within three days of service. *Id*. at 1. Plaintiff complied on October 27, 2023, [ECF No. 13] at 1, and subsequently filed a Proof of Service of the Order to Show Cause on October 31, 2023, [ECF No. 14].

The Court's October 31, 2023 response deadline for the Complaint came and went with no response from Defendant, and it appeared to both Plaintiff and the Court that Defendant had no intention of defending against this lawsuit. Accordingly, on November 2, 2023, the Court entered an Order Directing Clerk to Enter Default and Requiring Motion for Default Final Judgment, [ECF No. 15], which required Plaintiff to "file a Motion for Default Judgment within ten (10) days" of the Clerk's entry of default and also directed that the case be administratively closed. [ECF No. 15] at 1–2. The Clerk entered a default against Defendant that same day, [ECF No. 16].

On November 9, 2023, Defendant finally woke up and decided to litigate. First, counsel entered an appearance on Defendant's behalf, [ECF No. 17], followed shortly thereafter by Defendant's submission of the Motion giving rise to this Order. First, Defendant asks the Court to vacate the Clerk's Default due to excusable neglect. *See* Mot. at 9; FED. R. CIV. P. 60(b)(1). Second, Defendant asks the Court "for extension of time within which to serve its response to the Complaint in order to give the parties an opportunity to meet at the Defendant's facility and determine if and how this matter can be amicably resolved without wasting limited attorney and judicial resources." Mot. at 10. Critically, the Motion further states that Plaintiff does not oppose Defendant's requested relief, *id*. at 9, but is silent as to the amount of time the parties have agreed upon for this extension. The Court also notes the Motion's indication that "in the course of discussing the merits of this action, the parties also agreed to engage in substantive settlement discussions which will include meeting at Defendant's facility, discussing the claims and defenses

to this action, and hopefully working towards an amicable resolution of the claims raised in the Complaint." *Id*. at 3.

In light of the assertions in the Motion and Plaintiff's lack of opposition, the Court finds that Defendant's failures to respond constitute excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1), and thus there is good cause to vacate the Clerk's Default as to Defendant. Accordingly, after a thorough review of the record, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Vacate, [ECF No. 18], is **GRANTED**. *See Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (explaining that defaults are seen with disfavor because of the strong policy of determining cases on their merits); *Trinity Aviation Services, Ltd. v. Lopez*, 635 F. App'x 853, 854 (11th Cir. 2016) (noting a district court may set aside an entry of default for good cause).

2. The Clerk's Entry of Default as to Defendant, [ECF No. 16], is **VACATED**.

3. Defendant shall file an Answer or Response to Plaintiff's Complaint, [ECF No. 1], by **December 1, 2023**.

4. This case shall remain **administratively closed** until Defendant files its Answer or Response to Plaintiff's Complaint, [ECF No. 1], at which time the case shall be restored to the active docket.

5. If the parties reach an amicable resolution of this case on or before December 1, 2023, they shall promptly advise the Court.

**DONE AND ORDERED** in Miami, Florida, this 10th day of November, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE